# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAULA A. GORDON, individually**                            **CIVIL ACTION NO.**
**and on behalf of her minor grandchild, REP**

**VERSUS**                                                   **21-67-JWD-EWD**

**HUNTER V. GREENE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA A. GORDON, individually** | **CIVIL ACTION NO.** |
| **and on behalf of her minor grandchild, REP** | |
| | |
| **VERSUS** | **21-67-JWD-EWD** |
| | |
| **HUNTER V. GREENE, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

It is recommended that the following motions be granted as Paula A. Gordon ("Plaintiff") has not timely opposed them and the motions appear have merit: 1) Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), filed by Judges Hunter Greene and Donald Johnson;[1] 2) Defendant Karen Allain's Motion to Dismiss;[2] and 3) Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), filed by Prisca A. Zeigler.[3]

Local Civil Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion, to wit:

> **LR 7(f) Response and Memorandum.** Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the Court may order. Reply memoranda may be filed without leave of court in Rule 12 and Rule 56 motions only. Any such reply memoranda shall be filed within fourteen days after serve of the response to the motion. Leave of court must be obtained to file surreplies in Rule 12 and Rule 56 motions. Leave of court must be obtained to file reply and surreply memoranda in all other motions not listed.

---

[1] R. Doc. 5.
[2] R. Doc. 9.
[3] R. Doc. 12.

Here, more than twenty-one days have passed since each of the Motions to Dismiss was served. The Motion to Dismiss, filed by Judges Hunter Greene and Donald Johnson, was served on March 15, 2021 through the Court's CM/ECF system and also sent to Plaintiff by mail.[4] Defendant Karen Allain's ("Allain") Motion to Dismiss was served on March 16, 2021 through the Court's CM/ECF system and the Certificate of Service states that "Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system" by mail.[5] The Motion to Dismiss filed by Prisca A. Zeigler ("Zeigler") was served on March 22, 2021 through the Court's CM/ECF system and on Plaintiff by mail.[6] Additionally, Plaintiff completed and filed the Pro Se E-Service and E-Notice Consent Form in this case, consenting to receive service by electronic means.[7] Pursuant to Local Civil Rule 7(f), Plaintiff's responses to the Motions to Dismiss were due by no later than April 5, 6, and 12, 2021, respectively. Plaintiff has not filed an opposition memorandum to any of the Motions to Dismiss, nor has she requested an extension of time to do so. Therefore, the Motions to Dismiss are deemed to be unopposed.

Further, after reviewing the record, the Motions to Dismiss have merit. This case apparently arises out of state court proceedings, which include a custody dispute over Plaintiff's granddaughter. Plaintiff also claims the child's father physically attacked Plaintiff, coerced the child's mother (Plaintiff's daughter) into filing a Petition for Domestic Violence against Plaintiff, and filed his own Petition for Protection from Stalking or Sexual Assault against Plaintiff.[8] Plaintiff states that, on behalf of the child, she filed a Petition for Protection from Abuse against the child's father. As relates to the pending Motions to Dismiss, Hunter Greene, a family court

---

[4] R. Doc. 5, p. 3.
[5] R. Doc. 9, p. 5.
[6] R. Doc. 12, p. 4.
[7] R. Doc. 2.
[8] R. Doc. 1, p. 6.

judge, presided over certain hearings.  Plaintiff alleges that Judge Greene "threatened, badgered, intimidated and coerced" Plaintiff's daughter at a hearing in March 2019, conspired to violate Plaintiff's rights, and has been "derelict in his primary, fiduciary duty to lookout [sic]" for the child's best interest.[9] Plaintiff also claims that she was criminally prosecuted by Judge Greene for refusing to acquiesce to a custody judgment, which resulted in her serving a sixty-day sentence in East Baton Rouge Parish Prison.[10]  As to the claims against other defendants who have filed Motions to Dismiss, Plaintiff claims Allain altered court minutes and backdated a form in violation of La. R.S. 14:132.[11]  Zeigler was involved as a child support enforcement lawyer for the State of Louisiana and the initial payment determination of support was assigned to Judge Donald T. Johnson.[12]  It is not clear from the Complaint how Zeigler or Johnson caused any of Plaintiff's purported injuries other than her general complaints that there was a conspiracy to deprive Plaintiff of her rights.[13]

At the outset, it should be noted that federal courts are courts of limited subject matter jurisdiction.  This Court is not a super state supreme court and does not have general power to overturn decisions made at the state court level.  Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."[14]

---

[9] R. Doc. 1, pp. 8-9.

[10] R. Doc. 1, pp. 10-11.

[11] R. Doc. 1, pp. 11-12.

[12] R. Doc. 1, p. 12.

[13] As pointed out in the Motions to Dismiss, it is also not clear that Plaintiff would have standing to challenge the support order even if it were properly before the Court.  She is not an attorney and admittedly does not have custody, so she cannot act on behalf of her grandchild.  Additionally, from the documents Plaintiff submits in support of her Complaint, it does not appear that she was a party to the support proceedings.  R. Doc. 1-1, pp. 32-37.

[14] *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted) ("Absent specific law otherwise providing, that [*Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'").

Additionally, this Court lacks subject matter jurisdiction to decide domestic relations disputes.[15] The Fifth Circuit has held that the domestic relations exception applies to prevent federal courts from issuing or modifying "a divorce, alimony, or child custody decree."[16] "Thus, federal courts generally abstain from resolving cases involving intrafamily relations," such as child custody actions.[17] Although couched as a civil rights action, Plaintiff complains, "Custody was abruptly changed with no hearing, or best interest analysis, or any consideration of [the child] whatsoever" and that she has not "seen or heard from her daughter or granddaughter since July 7, 2020."[18] Clearly Plaintiff's claims arise out of a domestic relations issue involving a custody determination, and subsequent contempt proceedings, in state court with which she does not agree.

Even if this Court had subject matter jurisdiction, Plaintiff's claims against these defendants appear to be barred. As to Judges Greene and Johnson, the Motion Dismiss alleges, *inter alia*, that Plaintiff's claims are barred by judicial immunity.[19] Plaintiff's claims against Greene rest solely on acts taken (and not taken) by him during judicial proceedings. As to Judge

---

[15] *See, Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) ("issues of domestic relations are the province of state courts, going back to *Ex parte Burrus*.").

[16] *Saloom v. Texas Dept. of Family and Child Protective Services*, 578 Fed.Appx. 426, 429-30 (5th Cir. 2014) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02, 706-07, (1992)).

[17] *Evans v. Williamson Cty. Gov't, Tex.*, No. 15-436, 2015 WL 4621449, at *5 (W.D. Tex. May 28, 2015); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (as a general rule, federal courts refuse to hear domestic disputes, including child custody actions and disputes over visitation rights); *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989) (acknowledging that federal courts have traditionally abstained from domestic relations cases because of strong state interest and competence in the issues presented by such cases); *Goins v. Goins*, 777 F.2d 1059, 1062 (5th Cir. 1985) ("The state court has a strong interest in and the expertise to decide domestic issues which federal courts lack.").

[18] R. Doc. 1, p. 14.

[19] *See Martin v. Dufresne*, No. 14-1339, 2014 WL 3867267, at *5 (E.D. La. Aug. 5, 2014) ("The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Further, judicial immunity is applicable in cases such as the instant one where civil rights violation are alleged. *Stump v. Steward*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).") *See also Morrison v. Walker*, 704 Fed. Appx 369, 372–73 (5th Cir. 2017) ("A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are "not taken in the judge's judicial capacity" or (b) where they are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam).").

Johnson, Plaintiff alleges only that he was assigned a matter related to support determination.  Any claims against him would also be related to actions taken (or not taken) by Judge Johnson during judicial proceedings.  Further, Plaintiff does not allege that either Judge Greene or Judge Johnson acted in the complete absence of jurisdiction, such that judicial immunity would appear to bar Plaintiff's claims against them.  Allain is a certified court reporter and minute clerk for the state court.  As a generally matter, judicial immunity extends to acts clerks are required to do by court order or at the judge's direction, however, clerks are only entitled to qualified immunity for all other actions.[20] As noted above, it is not clear what the basis of Plaintiff's claim is against Zeigler, nor is it clear that Plaintiff would have standing to assert a claim against Zeigler related to Zeigler's role as a child support enforcement lawyer.

Accordingly,

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the following motions be **GRANTED** and the claims by Plaintiff Paula A. Gordon against Hunter Greene, Donald T. Johnson, Karen Allain, and Prisca A. Zeigler be **DISMISSED WITH PREJUDICE** as Plaintiff has not timely opposed the motions and the motions appear to have merit: 1) Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), filed by Judges Hunter Greene and Donald Johnson;[21] 2) Defendant Karen Allain's Motion to Dismiss;[22] and 3) Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), filed by Prisca A. Zeigler.[23]

---

[20] *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).
[21] R. Doc. 5.
[22] R. Doc. 9.
[23] R. Doc. 12.

Any objection to this Report and Recommendation should include an explanation of the failure to timely file opposition memoranda in response to the Motions to Dismiss and should attach any opposition memoranda if Plaintiff intends to challenge the Motions to Dismiss.

Signed in Baton Rouge, Louisiana, on April 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**