**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PAULA A. GORDON, individually**                   **CIVIL ACTION NO.**
**and on behalf of her minor grandchild, REP**

**VERSUS**                                                                                **21-67-JWD-EWD**

**HUNTER V. GREENE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 12, 2022.

                                               _/s/ Erin Wilder-Doomes_
                                               **ERIN WILDER-DOOMES**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA A. GORDON, individually and on behalf of her minor grandchild, REP** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-67-JWD-EWD** |
| **HUNTER V. GREENE, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Before the Court is the Motion to Dismiss ("Motion to Dismiss"),[1] filed by Defendant Leslie Parker ("Parker"), which seeks dismissal of all federal and state law claims asserted by Plaintiff Paula A. Gordon ("Plaintiff") against Parker for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the Motion to Dismiss.[2] As Plaintiff fails to adequately state a claim under 42 U.S.C. §§ 1983, 1985, and 1986, it is recommended that Plaintiff's federal claims be dismissed, without prejudice, and Plaintiff should be given leave to amend.[3] It is further recommended that the Court decline supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

---

[1] R. Doc. 14.
[2] R. Doc. 27.
[3] Although Defendant Dennis Fitzgerald ("Fitzgerald") has not filed a motion to dismiss and is prohibited from doing so because of the Clerk's Entry of Default (R. Doc. 20), *sua sponte* dismissal of Plaintiff's claims against him is also recommended in the interest of judicial efficiency and economy. Fitzgerald was Parker's attorney in the Family Court Proceedings, and the reasons for dismissing Plaintiff's claims against Parker are equally applicable to Fitzgerald. Because this recommendation is for dismissal on the Court's own motion, Plaintiff is advised that this Report constitutes notice, and her objection period is the opportunity to respond. *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (stating (1) that a "district court may dismiss *sua sponte* for failure to state a claim as long as the procedure employed is fair," and (2) that "[g]enerally, 'fairness in this context requires both notice of the court's intention and an opportunity to respond.'" (internal quotations and citations omitted)); *Alexander v. Trump*, 753 Fed. Appx. 201, 208 (5th Cir. 2018) (finding that plaintiff had "both notice and an opportunity to respond" because the "magistrate judge issued its recommendation that the court dismissed Alexander's claims against the Governor and clearly stated that Alexander had fourteen days to object to its recommendation."); *Hensley v. Thompson*, No. 18-877, 2019 WL 5777756, at *3, fn. 36 (M.D. La. Oct. 10, 2019) (explaining that the magistrate judge's Report "constitutes notice that [Plaintiff's] claims may be dismissed *sua sponte*, and the objection period affords Plaintiff the opportunity to respond."). It is not necessary to rule on Fitzgerald's pending Motion to Deny Entry of Judgment and Motion for Leave of Court to File Responsive Pleadings (R. Doc. 26) considering the *sua sponte* recommendation of dismissal with leave to amend. Accordingly, that motion will be terminated as moot.

I.   **BACKGROUND**

   A.   **General Factual Background**

This action represents another chapter in a years-long feud between Plaintiff and Parker, who is the father of Plaintiff's granddaughter, REP.[4] This Court, and others, have written before about the facts giving rise to this feud,[5] which largely relates to proceedings in the Family Court in and for the Parish of East Baton Rouge ("Family Court") concerning the paternity and custody of REP, among other things (collectively, the "Family Court Proceedings").[6] The facts set forth in the Court's prior Report and Recommendations are incorporated by reference and expounded on only where necessary.[7] However, in short, Plaintiff alleges that Parker; his attorney, Fitzgerald; Judge Hunter Greene ("Judge Greene"), the state court judge who primarily presided over the Family Court Proceedings; and others affiliated with those proceedings violated her civil rights and/or conspired to violate her civil rights.[8] Plaintiff claims Defendants' actions ultimately resulted in her imprisonment for sixty (60) days for civil contempt for violating an Order issued by Judge Greene in the Family Court Proceedings.[9]

---

[4] Although her full name may have been referenced by Plaintiff elsewhere in the record, in this Report, the minor child will be referred to by her initials to protect the child's identity.
[5] *See, e.g.*, R. Doc. 13, 24; *Parker v. Finch*, Nos. 2019-1473/2019-1514, 2021 WL 2251624, at **1-3 (La. App. 1. Cir. 6/3/21), *writ denied*, 324 So.3d 624 (La. 9/27/21) (explaining the relationship between Plaintiff, Parker, Plaintiff's daughter, and REP).
[6] *See* R. Doc. 1, ¶¶ 1-2.
[7] R. Doc. 13.
[8] Judge Donald Johnson; child support enforcement lawyer, Prisca A. Ziegler; and court reporter, Karen H. Allain were also named as defendants. Plaintiff's claims against these individuals were dismissed on May 10, 2021. R. Docs. 17, 18.
[9] *See* R. Doc. 1, ¶ 1 (alleging Plaintiff "was imprisoned in retaliation for petition for the protection of her granddaughter in the Family Court in and for the Parish of East Baton Rouge"), ¶ 45 (alleging that Judge Greene "sentenced [Plaintiff] to 60 days in East Baton Rouge Parish Prison…"), ¶ 50 (alleging that Judge Greene "issued the bench warrant and caused [Plaintiff] to serve a sixty-day sentence in East Baton Rouge Parish Prison for nothing more than filing petitions in his courtroom asking that he faithfully fulfill his oath and duty to apply Louisiana law and protect REP, and put REP's best interest first and foremost"), ¶ 67 (alleging that Plaintiff "feels as though she was summoned from prison for a pre-determined proceeding; and hauled into court in shackles and chains…").

### B.  Plaintiff's Complaint

#### 1.  Allegations Against Parker and Fitzgerald[10]

As to Parker and Fitzgerald, Plaintiff alleges: Parker is the "alleged father of [Plaintiff's] granddaughter, REP,"[11] who, "through his attorney [Fitzgerald], filed a Petition to Establish Filiation with a Minor Child and Motion to Establish Custody" in Family Court on November 4, 2016.[12] Plaintiff alleges that in 2016, Fitzgerald and Parker, along with "unknown defendants, conspired to intimidate" Plaintiff's daughter by having the Family Court Proceedings "assigned" to Judge Greene.[13] Ultimately, the Family Court Proceedings were allotted to Judge Greene, which, according to Plaintiff, unnerved Plaintiff's daughter because Parker "long warned Plaintiff's daughter that if she attempted to have him cast with child support, he would file for custody; he would draw Judge Greene; and Judge Greene would rule in Parker's favor no matter what."[14]

Plaintiff says that, on November 18, 2018, Parker "physically attacked Plaintiff and forcefully removed a terrified REP from Plaintiff's car where the child had fled during the attack."[15] After the "attack," Parker "coerced" Plaintiff's daughter into filing a "Petition for Protection from Domestic Violence" against Plaintiff.[16] Parker also filed a Petition for Protection from Stalking or Sexual Assault against Plaintiff. In turn, Plaintiff filed a Petition for Protection

---

[10] There is significant overlap between the allegations against Parker, Fitzgerald, and Judge Greene; however, effort was made in this Report to separate those allegations, where possible, when it is clear from the Complaint that particular allegations are made against a single defendant, or some combination of these defendants, but not all three.
[11] R. Doc. 1, ¶ 11.
[12] *Id*. at ¶ 13. Fitzgerald's representation of Parker appears to include filing and handling a Petition to Establish Filiation with a Minor Child and a Motion to Establish Child Custody on behalf of Parker, among other things. *Id*. at ¶¶ 10, 13, 16.
[13] R. Doc. 1, ¶ 26.
[14] *Id*. at ¶ 14 (cleaned up). According to Plaintiff, her daughter withdrew a pending "request for support enforcement from DCFS" once Parker's "prediction of which judge he would draw materialized." *Id*. at ¶ 15.
[15] *Id*. at ¶¶ 17 – 19.
[16] *Id*.

3

from Abuse against Parker, who she claims, was "unlawfully holding REP after custody was awarded to [her] the day before."[17]

Against this backdrop, Plaintiff alleges that, at some unspecified time, Parker, Fitzgerald, and Judge Greene "conspired" to "get [Plaintiff] out of the picture" and to violate Plaintiff's rights—chiefly by "taking[ing] custody [of REP] away from [Plaintiff] without having a hearing…[and] without giving any consideration to parental fitness; and without any fact-finding regarding [REP's] circumstances."[18] Plaintiff also alleges that Parker "conspired to use the Office of Domestic Violence to file perjurious petition for protection against [Plaintiff]," which "backfired."[19] Additionally in late 2018 or early 2019, Parker, Fitzgerald, and Judge Greene "conspired to take custody away from Plaintiff without having a hearing on the consolidated case from [another family court judge]; without giving any consideration to parental fitness; and without any-fact finding regarding REP's circumstances."[20] This "conspiracy was successful" because, in an attempt to get a "judgment of paternity without proof," Fitzgerald "filed an Amended Petition to Establish Filiation filled with scandalous lies, false accusations and

---

[17] *Id*. at ¶ 23. *See also id.* at ¶¶ 20-22. Interestingly, Judge Greene—the person whom Plaintiff alleges Parker and Fitzgerald conspired with to deprive Plaintiff of her rights—appears to be the Family Court judge who granted Plaintiff's Petition for Protection from Abuse. R. Doc. 1-1, pp. 12-23.

[18] *Id*. at ¶¶ 26-50. Based on Plaintiff's allegations, and after sifting through the scattered portions of the record of the Family Court Proceedings Plaintiff attached to her filings, it appears that Family Court Judge, Charlene Day, granted "temporary ex parte custody" of REP to Plaintiff on December 5, 2018 but also set a hearing regarding custody for January 8, 2019 and consolidated that case—*Brittani Leeann Finch v. Paula Antonia Gordon*, No. F-215728—with the related proceeding pending before Judge Greene—*Leslie Nelson Parker v. Brittani Finch*, No. F206930. R. Doc. 1, p. 11. According to written reasons issued by Judge Greene, Plaintiff's Petition to Establish Custody and Ex Parte Provisional/Temporary Custody "was set to be heard on January 8, 2019…at which time [Plaintiff] appeared in court represented by counsel and did not proceed with a hearing as requested in her Petition…[A]ccordingly, her petition was dismissed and the temporary custody order expired by operation of law." R. Doc. 16-1, p. 34; *see also* R. Doc. 1-1, p. 26. Thereafter, Parker filed an Amended Petition to Judicially Establish Filiation with a Minor Child and a Motion to Establish Custody, which was set for hearing on March 12, 2019. R. Doc. 16-1, p. 34. On that date, after some testimony was taken during that hearing, Plaintiff's daughter and Parker entered into a Stipulated Judgment, which recognized Parker as the biological father of REP and provided that the parties would "share custody" of REP with Parker "exercising physical custody of the child every other weekend." *Id*. Although present in Family Court on March 12, 2019, Plaintiff "was not a party to the Stipulated Judgment nor were any visitation or custodial rights awarded to her in the Stipulated Judgment." *Id*. The Stipulated Judgment was signed by Judge Greene on March 18, 2019. *Id*.

[19] *Id*. at ¶ 27.

[20] *Id*. at ¶ 28.

4

[Plaintiff's] good name peppered throughout."[21] In March 2019, Plaintiff attempted to intervene in the case before Judge Greene, but she claims Judge Greene "threatened Plaintiff's daughter, that if she did not stipulate to Parker's paternity, she would be cast with the costs of an expert, DNA tests, and all costs upfront."[22] Additionally, Fitzgerald, along with Parker and Judge Greene, "threatened, badgered, intimidated and coerced [Plaintiff's daughter] until she gave in and agreed to stipulate that [Parker] was the biological father of [Plaintiff's granddaughter] even though the daughter swore under oath earlier that it is possible that Parker was not the father."[23]

Plaintiff then "immediately sought to enjoin the unlawful, coerced, stipulated contract through a supervisory writ" to the Louisiana First Circuit Court of Appeal.[24] However, on March 18, 2019, Judge Greene—being "pushed" by Parker's attorney, Fitzgerald—signed the stipulated judgment reached between Plaintiff's daughter and Parker.[25] Plaintiff also alleges that Fitzgerald "threatened" Plaintiff "that he would retaliate if she didn't drop her [Petition to Intervene, Annul Judgment, and Restore Custody]."[26] Although Plaintiff claims that the Louisiana First Circuit Court of Appeal granted her writ "in part" and ordered Judge Greene to have a hearing on her Petition to Intervene, "[Judge Greene] willfully defied the order," and Plaintiff is "yet to have her day in court."[27]

Finally, Plaintiff alleges that because of the conspiracy between Parker, Fitzgerald, and Judge Greene, her constitutional rights were violated on June 28, 2019, when Fitzgerald "advised" Parker—his client—to "file a Motion and Rule for Contempt because on March 15, 2019, Plaintiff

---

[21] *Id*. at ¶¶ 29-30.
[22] *Id*. at ¶ 31-34 (cleaned up).
[23] *Id*. at ¶ 35 (cleaned up).
[24] R. Doc. 1, ¶ 37.
[25] *Id*. at ¶¶ 38-39.
[26] *Id*. at ¶ 42. Plaintiff claims she reported Fitzgerald's conduct to the Office of Disciplinary Counsel, which responded that it "does not investigate 'active cases.'" *Id*.
[27] *Id*. at ¶ 40.

5

refused to acquiesce to a custody judgment that was not final; that she was not a party to; and that arbitrarily and capriciously decreed Parker to be 'the natural father of the minor child.'"[28] The Rule for Contempt was heard in Family Court on July 30, 2019, and Plaintiff claims that Judge Greene and Fitzgerald subjected her to a "criminal prosecution…without advising her of her rights to an attorney; right to not testify; right to an impartial judge; [and ]right to compel witnesses…"[29] Judge Greene found that Plaintiff was in civil contempt of a Family Court Order and "sentenced Plaintiff to 60 days in East Baton Rouge Parish Prison unless she paid Parker $3,793.55 no later than October 1, 2019."[30] Plaintiff claims she "serve[d] a sixty-day sentence is East Baton Rouge Parish Prison,"[31] after she took another writ to the Louisiana First Circuit Court of Appeals, which again granted her writ in part, and which was again ignored by Judge Greene.[32] According to Plaintiff, this shows that Parker, Fitzgerald, and Judge Greene "weaponized The Family Court Bench against the most vulnerable class members of society: abused children, their mothers, grandmothers and *pro se* litigants."[33]

### 2. Plaintiff's Claims and Relief Sought

On January 25, 2021, Plaintiff filed her Complaint asserting various federal and state law claims against Parker, Fitzgerald, Judge Greene, and others. Only the claims against Parker and Fitzgerald remain.[34] Those claims include: (1) claims under 42 U.S.C. § 1983 for deprivation of Plaintiff's rights,[35] (2) claims under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights

---

[28] *Id*. at ¶ 43.
[29] *Id*. at ¶ 44.
[30] *Id*. at ¶ 45.
[31] *Id*. at ¶ 50.
[32] *Id*.
[33] *Id*. at ¶ 69 (cleaned up).
[34] *See* R. Docs. 13, 17, 18.
[35] Specifically, Plaintiff alleges that she was deprived of the following rights: (1) the right to petition for redress of grievances under U.S. Const. amend. I, (2) the rights of the criminally accused under U.S. Const. amend. VI, (3) the right against cruel and unusual punishment under U.S. Const. amend. VIII, (4) the right to be free from involuntary

(a) by obstructing justice through intimidation of a party or witness and (b) by depriving persons of rights and interests,[36] (3) claims under 42 U.S.C. § 1986 for "neglect to prevent," and (4) state law claims under Louisiana Civil Code articles 2315, 2315.6, and 2316. Plaintiff seeks "monetary, declaratory, and injunctive relief to vindicate a retaliatory conspiracy which has interfered with and deprived a child and her grandmother of their civil rights, privileges, and liberty."[37]

### C. The Parties' Arguments

On April 19, 2021, Parker filed the Motion to Dismiss,[38] arguing that Plaintiff's claims against him should be dismissed on several grounds. First, Parker contends that Plaintiff has failed to state a claim under § 1983 against him because she "did not allege and cannot allege that [] Parker is a state actor or acting under the color of law."[39] Likewise, Parker contends that Plaintiff has not sufficiently alleged a "conspiracy existed between [] Parker and a state actor" because Paragraph 14 of the Complaint "merely states that [] Parker believed that Judge Greene would rule in [his] favor, and not that Parker and Judge Greene had entered into a conspiratorial agreement, much less the terms of such agreement, all of which are required to be plead."[40] Lastly, Parker alleges that Plaintiff "complete[ly] fail[ed] to allege that a single constitutional right was infringed upon by way of any action of Parker."[41] Parker also argues that Plaintiff's § 1985 conspiracy claim fails because (1) Plaintiff has failed to allege any "race-based conspiracy" required to present a claim under § 1985(3) as required in this Circuit, and (2) Plaintiff has failed to allege all of the

---

servitude under U.S. Const. amend. XIII, and (5) the right to due process and equal protection under U.S. Const. amend. XIV. R. Doc. 1, ¶ 1.
[36] 42 U.S.C. § 1985(2) and (3), respectively.
[37] *Id*. at ¶ 3 and Prayer for Relief. As for monetary damages, Plaintiff seeks compensatory and consequential damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering; plus, all economic losses and punitive damages on all claims allowed by law. *Id*.
[38] R. Doc. 14.
[39] R. Doc. 14-1, p. 3.
[40] *Id*.
[41] *Id*.

7

necessary elements of a conspiracy claim under § 1985(1) or (2).[42] Relatedly, Parker argues that without a valid § 1985 claim, Plaintiff's § 1986 claim also fails.[43] Parker further contends that, even if Plaintiff had valid §§ 1983 and 1985 claims, those claims are prescribed because "federal courts borrow the forum states general personal injury limitations period," which is one year under Louisiana law. According to Parker, "virtually all" of the allegations against him contain "specific dates of alleged conduct" by him, and those dates were "much longer than one year prior to [Plaintiff] filing suit.[44] Finally, Parker alleges that Plaintiff lacks the procedural capacity to file suit on behalf of REP because Plaintiff is neither the parent or tutor of REP nor an attorney capable of representing REP.[45]

On June 17, 2021, Plaintiff filed an opposition memorandum, incorporating by reference arguments made in her other filings.[46] She argues that her claims are not prescribed because she filed suit within one year of January 23, 2020, the date she was "unconstitutionally incarcerated."[47] She also argues that Parker, by and through his attorney, Fitzgerald, "acted under color of law and conspired with" the following four state actors: Judge Greene, Judge Donald Johnson, Prisca Zeigler (an Assistant District Attorney), and Karen Allain (a Deputy Clerk of Court and Court Reporter) to "obtain a judicial determination of [] Parker as REP's natural father without any proof or evidence."[48] However, Plaintiff "concedes [that] she does not have capacity to represent REP in this court, nor does [she] have the financial resources to hire an attorney to represent REP."[49]

---

[42] *Id.* at p. 3-4.
[43] *Id.* at p. 4.
[44] *Id.* at pp. 4-5.
[45] *Id.* at p. 6.
[46] R. Doc. 27. *See also* R. Docs. 16, 21.
[47] *Id.* at p. 1.
[48] *Id.* at p. 2.
[49] R. Doc. 27, p. 3.

8

## II.     LAW & ANALYSIS

### A.     Legal Standard on a Fed. R. Civ. Proc. Rule 12(b)(6) Challenge

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[50] Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[51] If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."[52]

In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*,[53] the United States Supreme Court addressed the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[54] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[55] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[56] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[57] "Where a Complaint pleads facts that are 'merely consistent with' a

---

[50] Fed. R. Civ. P. 8(a)(2).
[51] *Mendoza v. Franklin Credit Management Corporation*, No. 16-276, 2016 WL 6304813, at *1 (N.D. Tex. May 27, 2016), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[52] *Mendoza*, 2016 WL 6304813, *1, *citing* Fed. R. Civ. P. 12(b)(6).
[53] *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.
[54] *Twombly,* 550 U.S. at 555.
[55] *Iqbal,* 556 U.S. at 678, *quoting Twombly,* 550 U.S. at 570.
[56] *Iqbal,* 556 U.S. at 678.
[57] *Id.* at 679.

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[58]

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[59] The Court "must accept as true all of the factual allegations contained in the Complaint."[60] While factual assertions are presumed to be true, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P.12(b)(6) motion.[61]

### B. Plaintiff's Complaint Fails to State a Claim Under §§ 1983, 1985, and 1986 Because She Has Not Established that Parker and Fitzgerald are State Actors, and She Cannot Establish a Conspiracy

Assuming this Court has subject matter jurisdiction and should exercise it,[62] Plaintiff's remaining claims still fail. The thrust of Plaintiff's case is her perception that the defendants took

---

[58] *Id.* at 678 (internal quotation marks omitted).
[59] *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).
[60] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[61] *Iqbal*, 556 U.S. at 678.
[62] As discussed in the previous Report recommending dismissal of the other claims in this case, the *Rooker-Feldman* doctrine may apply to preclude jurisdiction over Plaintiff's collateral attack on a state court judgment; however, it is not clear that all elements of the doctrine are present in this case. For example, *Rooker-Feldman* only applies to final judgments. It appears from the record that the Family Court Proceedings have not reached final judgment. *See Parker*, 2021 WL 2251624, at *7 (affirming portions of a judgment issued in the Family Court, reversing others, and remanding case to Family Court "for further proceedings."). Additionally, this Court could decline to exercise whatever jurisdiction it may have, based on the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), which generally permits a federal court to abstain from hearing a case otherwise within its jurisdiction where "there is '(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) …provides an adequate opportunity to raise federal challenges.'" To the extent Plaintiff challenges the civil contempt order, Parker (or Fitzgerald) did not issue the order and such a challenge would be barred by *Heck v. Humphrey,* 521 U.S. 477, 486-87 (1994), because it has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See, Parker*, 2021 WL 2251624, at **12-13 (affirming civil contempt order). Plaintiff's claims may also be prescribed as they would be subject to a one-year prescriptive period and the last act about which she complains, the civil contempt order, was issued on August 27, 2019. Rather than rely on an abstention doctrine or other bases, this Report analyzes the merits of Plaintiff's claims against Parker (and Fitzgerald).

10

actions adverse to her, her daughter, and her granddaughter in the Family Court Proceedings. Plaintiff admits she does not have standing to assert claims on behalf of her granddaughter, as she is not her granddaughter's lawful representative.[63] For the same reasons, she would not have standing to assert claims on behalf of her daughter. Plaintiff is upset about the outcome of the Family Court Proceedings, and, particularly, the civil contempt order. But Parker (and Fitzgerald) are not a state actors and did not issue the contempt order (or make any of the other rulings in the Family Court Proceedings), so Plaintiff has no claims against them under 42 U.S.C. § 1983. Accordingly, she can only maintain her claims if she establishes that Parker (and Fitzgerald) conspired with a state actor (Judge Greene or others) to deprive her of her rights. Because Plaintiff does not adequately allege the elements of a civil rights conspiracy, her claims fail.

A § 1983 conspiracy claim is a "legal mechanism" that allows a plaintiff to "impose liability on all of the defendants without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of section 1983."[64] Section 1983 provides a remedy against every person, *who under color of state law*, deprives another of any rights secured by the constitution and laws of the United States.[65] Section 1983 is not a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere.[66] To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[67] Additionally, "to bring plausible constitutional claims against the mainly private individuals associated with the state court

---

[63] R. Doc. 27, p. 3.
[64] *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).
[65] 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[66] *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999), citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994).
[67] *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008) (citation omitted).

11

proceeding[s] that she has sued, [Plaintiff] must allege 'that (1) there was an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of a constitutional right.'"[68]

Here, the claims against every state actor defendant, including Judge Greene (the person with whom Parker and Fitzgerald allegedly "conspired"), have been dismissed.[69] Parker and Fitzgerald—the only remaining defendants—are private citizens who could not act under the color of state law. Section 1983 claims where the defendant is not a state actor are subject to dismissal.[70]

While a plaintiff can maintain a claim under § 1983 that state actors and non-state actors conspired to violate her civil rights, Plaintiff has not alleged sufficient facts to establish the elements of such a claim. Although Plaintiff's Complaint is "peppered" with the words "conspire," "conspired," and "conspiracy,"[71] "[c]onclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983."[72] And while "well-pleaded facts [must be accepted] as true and view[ed] in the light most favorable to the plaintiff, a complaint 'that offers labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' is not plausible for purposes of Rule

---

[68] *McCalley v. UT Southwestern Medical Center*, No. 20-3196, 2021 WL 955272, at *9 (N.D. Tex. Feb. 24, 2021), citing *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *8 (E.D. La. Dec. 17, 2015) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)).
[69] *See*, R. Docs. 13, 17, 18.
[70] *See, e.g.*, *Uresti v. Reyes*, 506 Fed.Appx. 328, 329 (5th Cir. 2013) (affirming dismissal of plaintiff's § 1983 claim where none of the defendants were state actors); *Williams v. Van Davis*, No. 18-1003, 2018 WL 1477146, at *3 (E.D. La. Mar. 8, 2018) ("Plaintiff's Section 1983 claims against this defendant have no basis in federal law because defendant Williams is not a state actor. Accordingly, plaintiff's Section 1983 claims against defendant Williams must be dismissed because plaintiff has failed to state a cognizable claim against him.").
[71] *See, e.g.*, R. Doc. 1, ¶ 2 ("Defendants conspired to gain unjust enrichment and unjust legal advantage…"), ¶ 26 ("To avoid paying child support: In 2016, Les and Dennis, along with unknown defendants, conspired to intimidate BLF by having the [Family Court Proceedings] assigned to [Judge] Greene's docket…This conspiracy…was successful."); ¶ 27 ("To get [Plaintiff] 'out of the picture': November 2018, [Parker] conspired to use the Office of Domestic Violence to file perjurous [sic] petitions…"; ¶ 28 ("To get [Plaintiff] out of the picture attempt #2: [Parker, Fitzgerald, and Judge Greene] conspired to take away custody…"); ¶ 30 (alleging Parker, Fitzgerald, and Judge Greene engaged in a "conspiracy" to "get a judgment of paternity without proof").
[72] *Montgomery v. Walton*, 759 Fed.Appx. 312, 314 (5th Cir. 2019).

12(b)(6)."[73] Nor must this Court accept as true "unwarranted factual inferences."[74] As the Fifth Circuit explained, in order for Plaintiff "to establish h[er] conspiracy claim, [she] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate h[er] federal civil rights."[75] Plaintiff has not done that here. Other than conclusory references to a "conspiracy" and statements that Plaintiff "feels" she was subjected to a conspiracy, Plaintiff's Complaint lacks specific factual allegations showing that there was any agreement between Parker, Fitzgerald, and/or Judge Greene, much less an agreement to commit an illegal act or to deprive Plaintiff of any constitutionally protected rights.[76] "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."[77] Without specific factual allegations, Plaintiff cannot maintain a § 1983 conspiracy claim against Parker or Fitzgerald; therefore, it is recommended that those claims be dismissed.[78]

Plaintiff's §§ 1985 and 1986 conspiracy claims fail for similar reasons. To state a claim under § 1985(3), a plaintiff "must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under

---

[73] *Id*. at 314, citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[74] *Howard v. Dixie Dunavant Ins. Agency*, 227 Fed. Appx. 363, 365 (5th Cir. 2007), quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[75] *Montgomery*, 759 Fed. Appx. at 314.
[76] *Id.* (conclusory allegations are insufficient to establish a conspiracy where information regarding the time, date or circumstance of an alleged agreement is absent).
[77] *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (holding that judicial immunity for the alleged state actor in a § 1983 conspiracy claim does not require dismissal of the claims against non-state actors). *See also Howard*, 227 Fed. Appx. at 365 (finding that "[e]ven construing the complaint liberally," plaintiff failed to state a § 1983 conspiracy claims because plaintiff's complaint merely "suggest[ed] dissatisfaction with the state court proceedings," which is insufficient based on the U.S. Supreme Court's statements in *Dennis*).
[78] Leave to amend is recommended to give Plaintiff an opportunity to try to state specific facts to support her conspiracy claims, if possible. "Dismissal is not proper 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Howard*, 227 Fed. Appx. at 364, citing *Kaltenbach v. Richards*, 464 F.3d 524, 526 (5th Cir. 2006). Plaintiff is cautioned, however, that, notwithstanding her *pro se* status, she is subject to the requirements of Fed. R. Civ. Proc. 11, which subjects a party to sanctions for asserting a position in a pleading that does not have an adequate legal and/or factual basis.

the laws."[79] Further, to state a § 1985(3) claim, a plaintiff "must allege that the conspirators were motivated by his race."[80] "Like § 1985(3), the second part of § 1985(2) is directed at conspiracies to deprive equal protection; the equal protection language in § 1985(2) is paralleled in § 1985(3)."[81] Because of this, the Fifth Circuit has held "that the *Griffin* race or class-based animus requirement of § 1985(3) also applies to claims under the second part of § 1985(2)."[82] However, while the "first part of § 1985(2) does not require race or class-based animus,"[83] that portion of § 1985(2) "does require that there has been an interference with the *federal* court system."[84] Here, Plaintiff has not alleged that any person, including the alleged conspirators, Parker, Fitzgerald, and Judge Greene, acted with any race or class-based animus toward her. In fact, Plaintiff's Complaint lacks any allegation suggesting that race or class played a part in the issuance of the civil contempt order (or any other matters in the Family Court Proceedings).[85] Likewise, Plaintiff's Complaint is completely devoid of any allegation that Parker, Fitzgerald, and Judge Greene have interfered with the federal court system. For these reasons, Plaintiff has failed to state a conspiracy claim under § 1985(2) or (3). And "because a valid § 1985 claim is a prerequisite to a § 1986 claim," Plaintiff's claims under § 1986 also fail.[86]

---

[79] *Alexander v. Reese*, No. 16-3556, 2016 WL 9560298, at *5, quoting *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002).
[80] *Id*. "While class-based animus is theoretically allowed, the Supreme Court has only ever found racial animus appropriate for a § 195(3) claim." *Williamson v. Long Glade Lake, Inc*., No. 19-324, 2020 WL 6937462, at *2 (citations omitted).
[81] *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 979 (5th Cir. 1986).
[82] *Id*. (citations omitted).
[83] *Id*., citing *Kush v. Rutledge,* 460 U.S. 719, 727 (1983).
[84] *Id*., citing *Seeley v. Brotherhood of Painters, Decorators & Paper Hangers of America,* 308 F.2d 52, 58 (5th Cir.1962) and *Kush,* 460 U.S. 719.
[85] To the extent that Plaintiff's statement that Parker, Fitzgerald, and Judge Greene "weaponized" Family Court against "grandmothers and pro se litigants" (R. Doc. 1, ¶ 67) can be loosely read to allege some sort of "class-based animus" by Defendants, Plaintiff has not pointed to, nor has the Court's own research located, any authority suggesting that grandparents are a protected class for purposes of § 1985. Additionally, this Circuit has expressly held that "pro se plaintiffs do not constitute a class for whose members § 1985(3) provides a remedy." *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986), *modified on reh'g*, 798 F.2d 815 (5th Cir. 1986).
[86] *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) (citation omitted). *See also Chaney v. Races and Aces*, No. 11-399, 2012 WL 3230432, at *6 (M.D. La. June 7, 2012) ("Thus, because plaintiff does not have a Section 1985(3) claim, he cannot maintain a Section 1986 claim.").

### C. The Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[87] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.[88]

### III. RECOMMENDATIONS

**IT IS RECOMMENDED** that the Motion to Dismiss,[89] filed by Defendant Leslie Parker, be **GRANTED**, and that all federal claims asserted by Plaintiff Paula A. Gordon against Parker be **DISMISSED** as Plaintiff fails to adequately state a claim under 42 U.S.C. §§ 1983, 1985, and 1986.

Because the reasoning underlying the recommendation that Plaintiff's federal claims against Parker be dismissed also applies to Plaintiff's federal claims against Defendant Dennis Fitzgerald, **IT IS FURTHER RECOMMENDED** that all federal claims asserted by Plaintiff against Fitzgerald be dismissed on the Court's own motion.[90]

---

[87] 28 U.S.C. § 1367.
[88] If the Report and Recommendation is adopted and Plaintiff's federal claims are dismissed, but she is given leave to amend, Plaintiff should be permitted to reassert any state law claims.
[89] R. Doc. 14.
[90] *See* fn. 3, *supra*.

**IT IS FURTHER RECOMMENDED** that because all of Plaintiff's federal claims have been dismissed, the Court should not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given thirty (30) days to file an amended complaint if she believes she can allege sufficient facts to establish her claims against Defendants Parker and/or Fitzgerald, considering her Fed. R. Civ. Proc. 11 obligations.

**IT IS FURTHER RECOMMENDED** that the Motion to Deny Entry of Judgment and Motion for Leave of Court to File Responsive Pleadings,[91] filed by Defendant Dennis Fitzgerald, be **TERMINATED as moot** in light of the *sua sponte* recommendation regarding Plaintiff's claims against him. If Plaintiff amends her complaint, Fitzgerald should be permitted to respond.

Signed in Baton Rouge, Louisiana, on March 12, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[91] R. Doc. 26.