UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAULA A. GORDON, individually                               CIVIL ACTION NO.
and on behalf of her minor grandchild, REP

VERSUS                                                                    21-67-JWD-EWD

HUNTER V. GREENE, ET AL.

## ORDER

Before the Court are the following motions: 1) a Motion for Leave to File Second Amended and Supplemental Complaint,[1] filed by Plaintiff Paula Gordon ("Gordon"); 2) Defendant Karen Allain's Motion to Dismiss First Amended & Supplemental Complaint and Jury Demand and Motion for Leave to File Second Amended & Supplemental Complaint[2]; and 3) a Motion to Substitute Attorney, filed by former defendants Hunter Greene and Donald Johnson.[3]  The First Amended & Supplemental Complaint, which continues to name as defendants parties who have been dismissed from this suit, will be stricken from the record.[4]  Gordon will be given an additional forty-five (45) days to file an amended complaint related to her only remaining claims in this case which are against Defendant Leslie Parker and Defendant Dennis Fitzgerald. In light of these orders, the Motion to Dismiss, filed by Karen Allain, and the Motion to Substitute Attorney, filed by Hunter Greene and Donald Johnson, will be terminated as moot.

A detailed explanation of the factual background of this suit has been provided in prior Report and Recommendations and will not be fully recounted here.  It suffices to say that Gordon's suit primarily relates to proceedings in the Family Court in and for the Parish of East Baton Rouge ("Family Court") concerning the paternity and custody of her grandchild, REP, among other things

---

[1] R. Doc. 35.
[2] R. Doc. 36.
[3] R. Doc. 37.
[4] R. Doc. 34.

(collectively, the "Family Court Proceedings").[5] In short, Gordon originally claimed that Leslie Parker ("Parker"); his attorney, Dennis Fitzgerald ("Fitzgerald"); Judge Hunter Greene ("Judge Greene"), the state court judge who primarily presided over the Family Court Proceedings; and others affiliated with those proceedings violated her civil rights and/or conspired to violate her civil rights. Plaintiff claims Defendants' actions ultimately resulted in her imprisonment for sixty (60) days for civil contempt for violating an Order issued by Judge Greene in the Family Court Proceedings.[6] Judge Donald Johnson ("Judge Johnson"); child support enforcement lawyer, Prisca A. Ziegler ("Ziegler"); and court reporter, Karen H. Allain ("Allain") were also originally named as defendants. Gordon's claims against Judge Greene, Judge Johnson, Ziegler, and Allain were dismissed with prejudice on May 10, 2021 for failure to state a claim upon which relief could be granted.[7] Gordon's claims against Parker and Fitzgerald were also dismissed for failure to state a claim on March 29, 2022, but she was given thirty (30) days to file an amended complaint if she believed she could allege sufficient facts against Parker and/or Fitzgerald.[8]

On April 6, 2022, Gordon timely sought an extension to file an amended complaint, which was granted on April 7, 2022, giving Gordon until May 31, 2022 to file an amended complaint.[9] Gordon filed a First Amended and Supplemental Complaint and Jury Demand (the "First Amended Complaint") on May 31, 2022, that continues to name Judge Greene, Judge Johnson, Ziegler, and Allain as defendants, in addition to Fitzgerald and Parker.[10] The First Amended Complaint also

---

[5] *See* R. Doc. 1, ¶¶ 1-2.
[6] *See* R. Doc. 1, ¶ 1 (alleging Plaintiff "was imprisoned in retaliation for petition for the protection of her granddaughter in the Family Court in and for the Parish of East Baton Rouge"), ¶ 45 (alleging that Judge Greene "sentenced [Plaintiff] to 60 days in East Baton Rouge Parish Prison…"), ¶ 50 (alleging that Judge Greene "issued the bench warrant and caused [Plaintiff] to serve a sixty-day sentence in East Baton Rouge Parish Prison for nothing more than filing petitions in his courtroom asking that he faithfully fulfill his oath and duty to apply Louisiana law and protect REP, and put REP's best interest first and foremost"), ¶ 67 (alleging that Plaintiff "feels as though she was summoned from prison for a pre-determined proceeding; and hauled into court in shackles and chains…").
[7] R. Docs. 13, 17, & 18.
[8] R. Docs. 29 & 31.
[9] R. Docs. 32 & 33.
[10] R. Doc. 34, at caption & ¶¶ 12-15, 17-18.

2

names Louisiana Attorney General Jeff Landry as a defendant.[11] In the recitation of the facts and the section discussing claims for relief in the First Amended and Supplemental Complaint, Gordon has multiple statements "continue numbered paragraphs here ….",[12] indicating that the First Amended Complaint does not contain all facts or an explanation of all her remaining claims. Gordon acknowledges as much in her Motion for Leave to File Second Amended & Supplemental Complaint.[13]

The First Amended Complaint will be stricken from the record as it continues to name Judge Greene, Judge Johnson, Ziegler, and Allain as defendants, notwithstanding that Gordon's claims against these defendants were dismissed with prejudice.[14] Gordon was granted leave to amend only as to claims against Parker and/or Fitzgerald.[15] Additionally, any amended complaint she files needs to be comprehensive, *i.e.*, should include all the facts she contends support her claims and an explanation of the basis of her claims.[16] Gordon will not be permitted to reassert claims against persons who have already been dismissed with prejudice from this suit, nor to file 'placeholder' pleadings. Although Gordon is not trained in the law, neither is any individual who is representing his/herself before this Court. Because of her *pro se* status, she was already given

---

[11] *Id*. at caption & ¶ 16.
[12] *See* R. Doc. 34, p. 7.
[13] "Grandma, the *pro se* plaintiff signing below, suggests that she has fallen woefully short of a comprehensive amended complaint due to the disadvantages of her lack of legal training, difficulty adequately pleading complex legal issues, and the number of constitutional violations needing to be researched in order to adequately plead for a redress her grievances." R. Doc. 35.
[14] Pursuant to Fed. R. Civ. P. 12(f), the court, on its own or on motion of a party, may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See Riggs v. DXP Enterprises, Inc.*, No. 18-729, 2019 WL 310053, at *3 (W.D. La. Jan. 8, 2019), *report and recommendation adopted*, 18-729, 2019 WL 303127 (W.D. La. Jan. 23, 2019) (recommending that motion to strike be granted with regard to claims dismissed with prejudice earlier in the litigation as immaterial to the remaining claims); *Barrie v. InterVoice-Brite, Inc.*, No. 01-1071, 2008 WL 11349846, at *1 (N.D. Tex. Mar. 12, 2008) (striking claims in an amended complaint that were previously dismissed by the court).
[15] R. Doc. 31.
[16] *Dean v. Ford Motor Credit Co*., 885 F.2d 300, 302 (5th Cir. 1989), quoting 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1504 at 540 (1971) (explained that an amended pleading relates to matters that occurred prior to the filing of the original pleading and entirely replaces the earlier pleading).

more than two months to file the First Amended Complaint.[17] Additionally, the Court has provided Gordon with the benefit of an extensive explanation of the deficiencies in her prior filing and what the elements of her claims are to assist her in correcting those deficiencies, if possible.[18]

However, because Gordon is representing herself, she will be given a final opportunity to file a pleading that complies with this Court's Orders.[19] Gordon was granted leave to amend only as to claims against Parker and/or Fitzgerald.[20] To the extent she wishes to include background information about individuals who have been dismissed from this suit with prejudice, she may do so, but those individuals should not be named as defendants. To the extent she seeks to add other individuals as defendants who were not previously named (*e.g.* Attorney General Landry), that will also be permitted, although this Order does not pass on either the merits, or whether such an amendment is procedurally proper. The amended complaint must also be comprehensive, *i.e.*, include all Gordon's allegations. Because the First Amended Complaint will be stricken such that Allain is no longer named in a pleading, nor is Gordon permitted to name Allain, Judge Greene, Judge Johnson or Ziegler in an amended complaint, Allain's Motion to Dismiss and the Motion to Substitute Attorney, filed by Judges Greene and Johnson, will be terminated as moot.

**IT IS ORDERED** that the Clerk of Court is instructed to **STRIKE** from the record the First Amended and Supplemental Complaint,[21] filed by Plaintiff Paula Gordon, because the pleading continues to name as defendants individuals who have been dismissed from the suit with

---

[17] R. Doc. 33.
[18] R. Doc. 29.
[19] Gordon is again reminded that, notwithstanding her *pro se* status, she is subject to Fed. R. Civ. P. 11, which authorizes sanctions against a party who asserts a position in a pleading that does not have an adequate legal and/or factual basis.
[20] R. Doc. 31.
[21] R. Doc. 34.

prejudice and because it does not contain all the facts supporting her claims or an explanation of all her remaining claims.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Second Amended and Supplemental Complaint,[22] filed by Gordon, is **GRANTED**. Gordon shall file a comprehensive amended complaint by no later than **July 28, 2022** that complies with the instructions in this Order and the Court's prior Orders.

**IT IS FURTHER ORDERED** that Defendant Karen Allain's Motion to Dismiss First Amended & Supplemental Complaint and Jury Demand and Motion for Leave to File Second Amended & Supplemental Complaint[23] is **TERMINATED AS MOOT** as the First Amended Complaint has been stricken from the record which renames Allain as a defendant after dismissal of the claims against her with prejudice, and as Gordon has been instructed that she cannot name Allain as a defendant in any future amended complaint.

**IT IS FURTHER ORDERED** that the Motion to Substitute Attorney,[24] filed by Hunter Greene and Donald Johnson, is **TERMINATED AS MOOT** as the First Amended Complaint has been stricken from the record which renames Judge Greene and Judge Johnson as defendants after dismissal of the claims against them prejudice, and as Gordon has been instructed that she cannot name Judge Greene or Judge Johnson as a defendant in any future amended complaint.

**Plaintiff Paula Gordon is advised that failure to timely comply with this Order may result in dismissal of her claims without further notice.**

Signed in Baton Rouge, Louisiana, on June 13, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] R. Doc. 35.
[23] R. Doc. 36.
[24] R. Doc. 37.