UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA A. GORDON, individually**<br>**and on behalf of her minor grandchild, REP** | CIVIL ACTION NO. |
| **VERSUS** | 21-67-JWD-EWD |
| **HUNTER V. GREENE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA A. GORDON, individually and on behalf of her minor grandchild, REP** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-67-JWD-EWD** |
| **HUNTER V. GREENE, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATIONS, AND ORDER

On March 29, 2023, the Court denied the "Motion for Third Extension of Time to File First Amended Complaint,"[1] filed by Paula Gordon ("Plaintiff"), which sought what would actually be a fourth extension of time to file an amended complaint after all federal claims in Plaintiff's original Complaint[2] were dismissed.[3] Specifically, the Court denied the Motion after determining that it was filed after Plaintiff's prior extension of time expired, and that Plaintiff failed to establish excusable neglect (or even good cause) under Fed. R. Civ. Proc. 6(b)(1) for another extension. Additionally, the Court determined that, to the extent Plaintiff's Motion could be considered a motion for leave to amend under Fed. R. Civ. Proc. 15, such request would be denied because Plaintiff's proposed Amended Complaint (the "Second Amended Complaint"),[4] which was untimely filed, still fails to state a claim as to any of the Defendants.[5]

Because the Court denied Plaintiff's Motion, there is currently no operative complaint of record.[6] However, as part of its Ruling and Order denying the Motion, the Court analyzed the

---

[1] R. Doc. 46.
[2] R. Doc. 1.
[3] *See* R. Docs. 13, 17, 29, 31.
[4] R. Doc. 47.
[5] R. Doc. 83.
[6] *See* R. Doc. 17 (dismissing claims in original Complaint against Judge Hunter Greene, Judge Donald Johnson, Karen Allain, and Prisca Zeigler); R. Doc. 31 (dismissing claims in original Complaint against Leslie Parker and Dennis Fitzgerald, and declining supplemental jurisdiction over all state law claims in original Complaint); R. Doc. 41 (striking Plaintiff's First Amended & Supplemental Complaint (R. Doc. 34)); R. Doc. 83 (denying Plaintiff's Motion

1

Second Amended Complaint (*i.e.*, Plaintiff's most recent, proposed amended complaint), particularly the claims Plaintiff attempted to assert against each of the Defendants. In so doing, the Court explained, in detail, why Plaintiff's Second Amended Complaint failed to state a claim as to any of the Defendants and why further leave to amend would be futile, considering that Plaintiff has already pleaded her best case and still failed to state a claim against the Defendants, after being apprised of the insufficiency of her original Complaint and given months to correct those deficiencies.

Accordingly, having determined that Plaintiff's Second Amended Complaint fails to state a federal claim as to any Defendant, and there being no operative complaint of record,

**IT IS RECOMMENDED** that all federal claims asserted by Plaintiff Paula Gordon in this action be **DISMISSED** on the Court's own motion as Plaintiff fails to adequately state a claim as to any of the Defendants for the reasons explained in the Court's Ruling and Order.[7]

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims as there are no pending federal claims.

### ORDER

Because Plaintiff's claims against Defendants Judge Hunter Greene and Judge Donald Johnson were previously dismissed as barred by absolute judicial immunity, and it is recommended that Plaintiff's claims against Defendant Jeff Landry, the Louisiana Attorney General ("AG Landry"), also be dismissed, **IT IS ORDERED** that Plaintiff's Motion for Disqualification of Counsel,[8] which seeks to disqualify AG Landry and the Louisiana Department

---

and explaining why Plaintiff's Second Amended Complaint fails to state a claim as to any of the Defendants). *See also* R. Docs. 70 & 72 (explaining that there is no operative complaint of record).

[7] R. Doc. 83. As noted in the Ruling and Order, the claims Plaintiff purports to assert on behalf of her granddaughter, REP (and/or Plaintiff's daughter) are properly dismissed without prejudice. R. Doc. 83, pp. 19-21. All other federal claims asserted by Plaintiff should be dismissed with prejudice.

[8] R. Doc. 57.

2

of Justice from representing Judges Greene and Johnson in this matter, be **TERMINATED**, without prejudice to reurging in the event this Report and Recommendation is not adopted.

Signed in Baton Rouge, Louisiana, on March 29, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

3